# Case No. 11,516.

QUINN v. The TRANSPORT et al.

[1 Ben. 86.] [1]

District Court. E. D. New York. Nov., 1866.

COLLISION — EXCEPTIONS TO LIBEL — PLEADING IN BEHALF OF VESSELS INJURED WHILE IN TOW —FULL STATEMENT OF FACTS.

1. A canal-boat in tow of a steamboat was injured in a collision with another steamboat. The owner of her filed a libel against both vessels, in which he did not set out the facts of the collision, though the movements of the vessels were seen by a person on board the canal-boat. The claimants excepted to the libel. *Held*, that exceptions to a pleading in admiralty have the effect of a demurrer, and also that of a motion to make the pleading more definite and certain.

[Cited in The M. M. Hamilton, Case No. 9,-685.]

2. To make cases of collisions like this exceptions to the general rule, which requires a full statement of the facts of the collision, would be to permit the parties to come to trial without any preliminary statement from either party,

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

which would be of any assistance to the court, or would apprise the parties most in interest, of the facts which they are called on to meet.

[Cited in The M. M. Hamilton, Case No. 9,-685.]

3. Whether such exceptional pleading might be allowed where the libellant was unable to give any statement of the facts of the collision— quere.

4. The present is not such a case, and the libel must be reformed by setting forth as far as practicable, the material circumstances attending the collision in question.

[This was a libel by Patrick Quinn against the steamboat Transport and the propeller W. E. Cheney.] This case came up on exceptions to the libel as being defective in not setting out the facts of the collision which occasioned the damage, to recover which the suit was brought.

Emerson, Goodrich & Knowlton, for libellants.

C. F. Sanford, for claimants.

BENEDICT, District Judge. Exceptions to a pleading in admiralty have the effect of a demurrer, and also that of a motion to make more definite and certain, and are properly resorted to in a case like the present, where the libellant in a collision case has contented himself with simply stating a bare cause of action, and has omitted the full and frank narrative of the material circumstances attending the accident, which the general practice of the admiralty requires in cases of this description.

The manner of pleading adopted by this libellant is sought to be defended upon the ground that the action is one brought against two steamboats for injuries sustained by a canal-boat while in tow alongside of one of them, she being thus a mere passive object, not able to take any measures of her own to avoid the collision, and not responsible for the movements of either of the others; and it is contended that in such case the libellant is not called on to set forth anything more than the fact that his vessel was in tow of one of the steamboats, and was injured in a collision occurring between her and the other steamboat.

I cannot give my assent to this doctrine, to the extent claimed here. In this case the averments of the libel indicate that the collision and the antecedent movements of the steamboats were seen by a person or persons on board and in charge of the canal-boat; and I am unable to see why the circumstances as thus seen should not be set forth for the information of the court, and to save labor in proving facts about which there may be no dispute, as well in this as in any case. The reason of the rule, which is applied in all ordinary cases of collision, would seem to exist in full force in these triangular cases, in which, above all others, the need of a full statement of the facts is felt. To make these cases exceptions to the general rule, as claimed, would be to

permit the parties to come to trial without any preliminary statement from either party, which would be of any assistance to the court, or would apprise the parties most in interest of the facts which they are called on to meet. I cannot believe that such a practice should be sanctioned.

Furthermore, the twenty-third rule of the supreme court, which is held to provide for the full statement which is required in ordinary cases, makes no exception of cases like this; and the rules of the English admiralty, which are more precise in their requirements than the twenty-third rule, also seem applicable to such cases in the English practice.

My conclusion, therefore, is that the libellant must reform his libel by setting forth, as far as practicable, the material circumstances attending the collision in question.

This conclusion I do not understand to be adverse to the opinion of Judge Betts, in the case of The Mary Jane Vaughan [Case No. 9,216]. cited by the libellant. The reported opinion in that case does not show what were the averments of the libel there, but according to my recollection of the case as it came before me on a hearing on the merits, that was a case of collision in the night when there was no one on board the boat in tow, and when the libellant might, perhaps, be presumed to be unable to give any distinct account of the accident. The present is not such a case, and would not fall within the scope of that decision.

Exceptions allowed with liberty to amend within ten days. Costs of this hearing to abide the event.